United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN re GENARO MENDOZA
_________________________________/

No C 10-2027 VRW

ORDER

Appellant US Bank National Association appeals from an order by the United States Bankruptcy Court for the Northern District of California in the Chapter 11 bankruptcy of appellee Genaro Mendoza. Doc #1. Appellant's notice of appeal states that this appeal is taken from the bankruptcy court's "Memorandum re Plan Confirmation" ("Memorandum"). Doc #1 at 25-31. In a parallel action, appellant has also appealed from the bankruptcy court's final order confirming appellee's plan of reorganization over appellant's objection. See Case No 10-3204. Appellant concedes that both appeals assert identical issues. Doc #9 at 4.

Appellee moves to dismiss this appeal for lack of jurisdiction on the ground that the Memorandum was an interlocutory order and not a final judgment. Doc #8 at 2. Appellant argues that the court has jurisdiction by virtue of the "unique procedural posture" that arose from the bankruptcy court's decision to bifurcate appellant's objection to the proposed plan. Doc #9 at 4.

28 USC § 158(a) states that, unless an appellant obtains leave of court or meets other specific criteria, a district court has jurisdiction to hear appeals only from "final judgments, orders, and decrees" of the bankruptcy court. "To become final, the decision, order, or decree must end the litigation, or dispose of a complete claim for relief, and leave nothing for the court to do but execute the judgment." In re Kashani, 190 BR 875, 882 (9th Cir BAP 1995), citing Elliot v Four Seasons Properties, 979 F2d 1358, 1362 (9th Cir 1992).

The Memorandum from which appellant appeals in this case was not a final judgment, order or decree within the meaning of 28 USC § 158(a)(1). Although the Memorandum overruled the last remaining objection to the reorganization plan, it also ordered appellee to make various changes to the plan and resubmit it for confirmation by the court. Doc #1 at 31. The court ultimately confirmed the plan in a final order dated April 23, 2010 — which is the subject of the appeal in Case No 10-3204. Doc #1 at 23; see also Doc #1 in Case No 10-3204. Appellant has not argued that it obtained leave of court to file this interlocutory appeal or that there is any other basis for jurisdiction in this court.

The court therefore GRANTS appellee's motion to dismiss for lack of jurisdiction. The clerk is directed to terminate all motions and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Judge